UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEIDI M. McCARTHY,<br><br>    Plaintiff,<br><br> -vs-<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,[1]<br><br>    Defendant. | NO. CV-11-0150-WFN<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 13 and 18). Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Jessica Milano represents Defendant. The Court has reviewed the administrative record and briefs filed by the parties and is fully informed.

**JURISDICTION**

Plaintiff protectively applied for disability insurance on September 26, 2008. On October 27, 2008, Plaintiff also protectively applied for social security income (SSI) benefits, alleging disability beginning on May 16, 2008, due to gastroesophageal reflux disease (GERD), irritable bowel syndrome (IBS), depression, asthma, anemia, osteoarthritis,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

fibromyalgia, periodic limb movement disorder, and knee/back problems. The applications were denied initially and on reconsideration.

At a hearing on December 23, 2009 before Administrative Law Judge (ALJ) James W. Sherry, Plaintiff, represented by counsel, and vocational expert Daniel McKinney testified. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court. Plaintiff sought judicial review on April 19, 2011. (ECF No. 4).

## FACTS

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 34 years old. (Tr. 55) She did not graduate from high school, but earned her GED. (Tr. 56) She has some college and also was trained as an EMT. (Tr. 56) Plaintiff has past work experience as an EMT, an assistant manager in a retail store, an institutional cleaner, groundskeeper, housekeeper, waitress, cook, janitor and bartender. (Tr. 71 - 73) Plaintiff testified that she was diagnosed with periodic limb disorder in 2004. (Tr. 59). She worked for a few years after her diagnosis, but she testified that the condition worsened over time. *Id*. She said she has back pain and suffers from IBS that causes her to have diarrhea three or four times a day. She also indicated that she had asthma, allergies, knee pain, and anemia. (Tr. 61 - 63)

## ADMINISTRATIVE DECISION

At step one of the sequential evaluation process, ALJ Sherry found that Plaintiff had not engaged in substantial gainful activity since May 16, 2008, the alleged onset date. (Tr. 36) At step two, he found that the Plaintiff had the following severe impairments: medial collateral ligament (MCL) strain, lateral patellar tracking dysfunction; and weak vastus medialis oblique. (Tr. 36) He noted that the medical evidence did not contain diagnosis of fibromyalgia or periodic limb movement disorder. He also pointed out that

the medical evidence lacked significant complaints or treatment for IBS and that though there are passing references to her GERD, IBS and asthma, "there is nothing in the record to indicate that either causes more than a minimal impact on her ability to perform basic work-related activities." (Tr. 37) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 39). At step four the ALJ determined that Plaintiff "has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c)." (Tr. 39). The ALJ found Plaintiff's subjective complaints of limitation lack credibility to the extent that they clashed with his determination of residual functional capacity. Additionally, he found that Plaintiff's self reported daily activities contradicted her reports of limitation. He concluded that she could still perform her past relevant work as an assistant manager in a retail setting or as a groundskeeper.

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de*

*novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F,3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

**ISSUES**

Plaintiff argues that the ALJ's decision was not supported by substantial evidence. Specifically, Plaintiff complains that she is more physically limited than the ALJ concluded based on the opinions rendered by Dr. Carter and Dr. Goodman and that the ALJ failed to properly consider or reject the opinions of those doctors regarding her residual functional capacity; and the ALJ did not properly reject her testimony regarding her symptoms. Defendant contends that the final decision is supported by substantial evidence and without error.

**DISCUSSION**

The medical records and testimony support the ALJ's conclusions regarding Plaintiff's residual function capacity; the ALJ properly discounted the conclusions of Dr. Goodman and Dr. Carter because those opinions not only predated the onset date by several years, but occurred prior to Plaintiff engaging in non-sedentary substantial gainful activity. Plaintiff cites to Dr. Andrea Carter, who evaluated her twice in 2003, Dr. Francis Goodman, who evaluated her in 2004 and doctors at the Ephrata Medical Center as late as 2011, who all restricted Plaintiff to sedentary work. Plaintiff's reliance on Doctors Carter and Goodman's opinions regarding her residual functional capacity is flawed. ALJ Sherry discounted Dr. Goodman's assessment because it predated the alleged onset date by several years. ALJ Sherry noted that in the intervening years Plaintiff engaged in non-sedentary substantial gainful activity for several years between the opinions limiting her work and the alleged onset date of disability. The same rationale applies to Dr. Carter, though the ALJ did not specifically address Dr. Carter. See *Lockwood v. Comm'r Social Sec. Admin.*, 397 Fed. Appx. 288, 290 (9th Cir. 2010) (unpublished).

The ALJ's finding that Plaintiff was not credible to the extent that her testimony regarding her symptoms conflicted with her self reported daily activities and medical evidence was proper. This Court defers to the AJL's credibility findings. *Andrews v.*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific and cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). The ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id* at 834. The ALJ gave clear and convincing reasons for his credibility assessment: Plaintiff's daily activities are inconsistent with her testimony regarding her symptoms; objective medical evidence including self reports from Plaintiff to treating physicians and test results undermine her symptom testimony as well as inconsistent reports from Plaintiff regarding her restrictions. The ALJ cited specifics as to each basis for his credibility assessment which are supported by the record.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment, filed June 13, 2012, **ECF No. 18**, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, filed March 22, 2012, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED.**

**DATED** this 20th day of February, 2013.

                                          s/ Wm. Fremming Nielsen

02-12-13                            WM. FREMMING NIELSEN
                                SENIOR UNITED STATES DISTRICT JUDGE